Moncure, P.,
delivered the opinion of the court.
After stating the case he proceeded:
There can be no doubt but that the summons by which the action was commenced in this ease was illegal and void, and ought to have been quashed, if the facts appeared and the question was properly presented to the circuit court. The action was brought in the circuit court of the city of Williamsburg and county of James City, and was commenced by the issuing of a summons which bore date on the 16th day of February 1869, before the declaration was filed. There was but one defendant in the action, Edmund A. Saunders, who resided in the city of Richmond. The supposed cause of action, it seems, arose in the county of James City. The summons was directed to the sheriff of the city of Richmond, to whom it was sent, and by whose deputy it was executed and returned, *264 with an endorsement thereon showing the time and manner of its execution. It was without any authority of law that this summons was directed to the sheriff of the city of Richmond.
The Code, chapter 165, section 1, provides, that “any action at law or suit in equity, except where it is otherwise specially provided, may be brought in any county or corporation: First, wherein any of the defendants may reside.” Neither the exception referred to in the said first section, nor the sub-i sequent enumerations appended thereto, apply to this case. Section 2 provides, that “an action may be brought in any county or corporation wherein the cause of action or any part thereof arose, although none of the defendants reside therein.” Chapter 166, section 2, provides, that “process from any court, whether original, mesne, or final, may be directed to the sheriff of any county or sergeant of any corporation, except that process against a defendant (unless a railroad, canal, turnpike, or telegraph cQtnpany be defendant), to answer to any action brought under the second section of chapter 165, shall not be directed to an officér of any other county or corporation than that wherein the action is brought.”
Now these are all the provisions of law which apply to this question. This action might have been brought, under section 1 of chapter 165, in the city of Richmond, where the only defendant in the action resided, or, under section 2 of the same chapter, in the city of Williamsburg and county of James City, wherein the cause of action arose. It was brought in the latter, wherein the cause of action arose. In that case, however, as we have seen, chapter 166, section 2, expressly required that the process should not be directed to an officer of any other county or corporation than that *265 ■wherein the action was brought. And yet, in plain ... violation of that law, the summons m this case was issued and directed to the sheriff of the city of mond. It was palpably void for illegality; and the only question is, whether the defendant used the proper means to avail himself of such illegality.
He was certainly very prompt in making his defence. On the very day on which the summons was executed upon him, to-wit, the 1st day of March 1869, he made affidavit to a plea in abatement setting out the facts and grounds of his defence, which plea he ■filed immediately on the filing of the plaintiff’s declaration in the case, which was at March rules 1869. The plea was, therefore, filed in due time. Was it sufficient in form and substance? It stated that the defendant appeared “in his own proper person,” and craved oyer of the writ, which was read to him, and was set out in haee verba in the plea. It then proceeded: “which being read and heard, he,” &c., as already set out in the statement of the case.
The details of this plea are very minute, and seem to embrace all the facts necessary to be stated in such a plea under the circumstances. The only objection made to it by the plaintiff is, that it does not aver where the cause of action arose, and therefore does not do what it is contended such a plea must always do, that is, give to the plaintiff a better writ. It does give to the plaintiff' a better writ, by showing that the action might have been brought in the city of Eichmond. But it is said the action might also have been brought in any county or corporation wherein the cause of action or any part thereof arose, although none of the defendants reside therein, and therefore the plea should show in what county or corporation the cause of action in this case arose. The answer to *266 this is, that the plaintiff knew where the cause of' action arose, and his declaration shows that it arose in the county of James City, wherein the action was. actually brought. Surely it could not be necessary to aver that the court in which the action was brought had jurisdiction thereof. The objection was, not that" the action was brought in a court not having jurisdictionfbf it, but that the summons was illegally issued' and sent to another county or corporation than that in which the action was brought, and therefore the summons was illegal and void. The plea shows that the plaintiff sued the only defendant in the action in a county in which that defendant did not reside, and had the summons issued and sent for execution to the-county or corporation in which he did reside. How that was an unlawful act, which it was only necessary for the defendant to show in order to be entitled to have the writ quashed. The doctrine about giving the plaintiff a better writ does not apply to such a case. He brought his suit in James City, and instead' of suing out his writ to the sheriff of that county, he sued it out to the sheriff of the city of Richmond,, without any authority whatever for so doing. If he had, by mistake, brought his action in the wrong county, supposing that the defendant resided there, or-that the cause of áction arose there, and had sued out his summons to the sheriff" of that county, it might have been reasonable and proper to require the defendant in his plea to the jurisdiction to give the plaintiff a better writ by showing not only where the defendant resided, but also where the cause of action arose—and such seems to be the effect of the two cases so much relied upon by the learned counsel who prepared the petition of the plaintiff to the district court for a supersedeas in this case. Those two cases *267 are Middleton v. Pinnell, 2 Gratt. 202; and Raine v. Rice &c., 2 Pat. & Heath 529. In neither of those actions was any opinion delivered by the court, but in each of them the judgment of the court below was simply affirmed. We cannot therefore know precisely the ground of the court’s decision in either of them. The supposed ground is, that the plea to the jurisdiction was fatally defective in not showing where the cause of action arose. Admitting that to have been the true ground, as it may have been, and probably was, there was this material difference between those cases and this, that in each of them the writ was issued to the sheriff of the county in which the action was brought, which was certainly proper if the court had jurisdiction of the case, whereas, in this case, it was issued to the sheriff of a corporation in which the action was not brought, which was certainly not proper, whether the court in which the action was brought had jurisdiction of it or not.
But the rule that “pleas in abatement must give the plaintiff a better writ,” is by no means a rule of universal extent and application. As to the nature of it, see what is said in 5 Rob. Prac., p. 104-5, and the cases there cited. In Massachusetts, Wilde, J., observed that the rule is of limited application, and is binding only in cases where misnomer is pleaded, or the defect relied on depends on some fact presumed to be within the peculiar knowledge of the defendant. Guild v. Pichardson, 6 Pick. R. 369, 370. Dewey, J., says: “ There are many cases where a plea in abatement need not furnish the plaintiff with a better writ; as a plea that no such person exists as the plaintiff, or plea of non-tenure, or plea of disclaimer and the *268 like.” Wilson v. Nevers, 20 Pick. R. 28. See 5 Rob. Prac., supra.
But without pursuing this subject any further, we are of opinion that the circuit court erred in sustaining the plaintiff’s demurrer to the defendant’s plea in abatement, and that the district court did not err in reversing the judgment of the circuit court on that ground.
We are also of opinion that the circuit court erred in overruling the motion of the defendant to dismiss the case from the docket, upon the grounds set out in bill of exceptions bio. 1, the purpoft of which is already set forth in the preliminary statement of the case; the said grounds being also embraced in the plea in abatement aforesaid. We think there are cases of this í'ind, and that this is one of them, in which a plea in abatement is not necessary, but the court may ex officio, and a fortiori upon motion, abate the writ or the suit. See 1 Rob. Prac., old ed., p, 162, and cases there referred to, especially Garrard &c. v. Henry &c., 6 Rand. 112, 117; Mantz v. Hendley, 2 Hen. & Mun. 308. In 5 Rob. Prac. 95, it is said “ the general rule is, that if the defendant would object to the plaintiff’s writ he must do it by pleading in abatement. Cooke v. Gibbs, 3 Mass. R. 195. It is indeed sometimes said that if the writ be bad and insufficient on its face, the court may ex officio quash it. S. C. 196; Mantz v. Hendley, 2 Hen. & Mun. 308.” It does not appear, that the provision in the Code of 1849, ch. 171, § 18, referred to in 5 Rob. Prac. 101, was intended to prevent a court from quashing a writ in any case whatever without a plea in abatement. After providing in § 17 that “no plea in abatement for a misnomer shall be allowed in any action,” § 18 *269 provides that, “in other cases, a defendant, on whom the process summoning him to answer appears to have been served, shall not take advantage of any defect in the writ or return, or any variance in the writ from the declaration, unless the same be pleaded in abatement.” This section does not seem to cover a case like this, in which the writ is not merely defective, but absolutely void, and in which therefore it may be quashed, not only on plea in abatement, but also on mere motion, or by the court ex officio. But in this case the question seems not to be material, as the objection was taken not only by motion, but also by plea in abatement.
The court is therefore of opinion that there is no error in the judgment of the district court, except that instead of remanding the cause to the said circuit court of the city of Williamsburg and county of James City, with instructions to direct that the said plaintiff join issue in fact on said plea, the said district court ought to have quashed the plaintiff’s writ. But the said judgment may be amended in that respect, and as amended affirmed.
The judgment of the district court is therefore amended and affirmed accordingly, and it is considered that the defendant recover against the plaintiff his costs by him about his defence in this court expended.
Judgment amended and affirmed.